**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY AKPAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-8327 |
| ) | |
| v. ) | Judge |
| ) | |
| CITY OF CHICAGO, a municipal ) | Magistrate Judge |
| corporation, Chicago Police Officers ) | |
| BRIAN POLSON #5612, ) | |
| ROBERT DOLEZIL #13817, and ) | |
| MARK DUIGNAN #1726, in his individual ) | |
| and supervisory capacities, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, Anthony Akpan, by his attorneys, MEYER & KISS, LLC, and for his Complaint against Defendants City of Chicago, Chicago Police Officers Brian Polson (#5612), Robert Dolezil (#13817), and Sgt. Mark Duignan (#1726) (collectively, "Defendant Officers"), states as follows:

**JURISDICTION & VENUE**

1. The incident giving rise to this Complaint occurred on November 29, 2015, in the City of Chicago, County of Cook, Illinois.

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law Plaintiff's rights as secured by the United States Constitution.

3. This Court has jurisdiction pursuant to the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a), and supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) as most parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## PARTIES

5. At all times relevant to this Complaint, Plaintiff Anthony Akpan was a resident of Round Lake Beach, Illinois.

6. At the time of the incident, Defendant City of Chicago was the employer of the Defendant Officers. The City of Chicago is sued based on a theory of *respondeat superior* on the state law claims.

7. At the time of the incident, Defendants Polson and Dolezil, who are sued in their individual capacities, were acting under color of law and within the course and scope of their employment as sworn police officers for the City of Chicago.

8. At the time of the incident, Defendant Duignan, the supervising sergeant of Defendants Polson and Dolezil, who is sued in his individual and supervisory capacities, was acting under color of law and within the course and scope of his employment as sworn police officer for the City of Chicago.

9. Defendant City of Chicago is the indemnifying entity for the actions of the Defendant Officers and is being sued on an indemnification theory.

## FACTS

10. Shortly before 2:00 a.m. on November 29, 2015, Plaintiff Anthony Akpan was driving a Chevrolet Sonic westbound on East Marquette Road, a street in Chicago, Illinois. Along with Plaintiff were two friends of his: Jovan, seated in the front passenger seat, and Isaiah, who was sitting in the back.

11. Also traveling westbound was a marked Chicago Police Department SUV, driven by Defendant Duignan. With Defendant Duignan were Defendants Polson and Dolezil.

12. Traffic was very light.

13. Defendants followed Plaintiff's car for several blocks. While the Defendants followed Plaintiff, the dashboard camera inside Defendants' vehicle recorded video of the event. No audio was preserved.

14. Plaintiff committed no traffic violations.

15. Defendants claimed in their police reports and testimony that while following Plaintiff, they detected the smell of burning cannabis emanating from his car.

16. Defendants fabricated the odor of cannabis. The windows of Plaintiff's vehicle were rolled up. Neither Plaintiff nor his passengers were using or possessing cannabis or any other narcotic.

17. Defendant Duignan curbed Plaintiff. Plaintiff pulled over and was seized at or near 940 East Marquette Road.

18. Defendant Duignan approached the driver's side of the Chevy and opened up the door. He directed Plaintiff to get out of the car.

19. Plaintiff obeyed Defendant Duignan's order. The passengers also complied with orders to exit the vehicle. All three men complied with all police orders and submitted to a search of their persons.

20. No contraband of any kind was found on Plaintiff or the passengers.

21. Defendants later claimed in their reports and testimony that when asked about the cannabis, Plaintiff stated "It's gone." Plaintiff made no such statement.

22. Defendant Duignan conducted a warrantless search of the car, without probable cause or any other legal basis. None of the occupants of the car consented to the search.

23. No cannabis, other drugs or drug paraphernalia were recovered from the car. No residue was discovered.

24. Defendant Duignan did recover an unloaded semiautomatic pistol and magazine from the floor of the passenger back seat area directly behind the driver's seat. The gun was wrapped inside a plastic bag that was in turn inside a gym bag that was zipped shut.

25. The gun was not immediately accessible to Plaintiff.

26. The gun belonged to Plaintiff. When asked about it at the scene, he readily admitted that it belonged to him. Plaintiff also volunteered that he had a valid FOID card.

27. Plaintiff was placed under arrest for possession of the gun. The car was towed and impounded.

28. None of the Defendants intervened to prevent the unlawful arrest of Plaintiff or the willful seizure of his property, despite having a duty and opportunity to do so. Defendants Polson, Dolezil and Duignan initiated a criminal charge against Plaintiff knowing there was no probable cause to support Plaintiff's seizure.

29. Though the Defendants claimed to have detected an odor of cannabis from Plaintiff's car, none of them asked Plaintiff to submit to field sobriety tests, a blood test, or a urine test. Plaintiff was not charged with DUI.

30. As a result of the arrest, Plaintiff was indicted on one count of Aggravated Unlawful Use of a Weapon, a Class 4 felony charge. Officer Polson testified at the December 15, 2015 grand jury hearing that resulted in the indictment of Plaintiff.

31. The case was docketed in the Circuit Court of Cook County as People v. Anthony Akpan, Case No. 15 CR 20627. Plaintiff retained a criminal defense attorney to represent him in the case.

32. On November 16, 2016, a hearing was held on Plaintiff's motion to suppress evidence before the Honorable Thomas V. Gainer. At the hearing, Plaintiff testified on his own behalf. Defendant Duignan testified for the State. In addition to witness testimony, the court also reviewed the police camera video of the pursuit and arrest of Plaintiff.

33. The court granted Plaintiff's motion to suppress the evidence that was illegally seized.

34. The State asked for a check date to determine if it would appeal the court's ruling. The matter was continued to December 14, 2016.

35. On that date, the State did not appeal the ruling. Instead, it moved to nolle pros the charge against Plaintiff.

36. As a result of the Defendant Officers' conduct, Plaintiff suffered loss of freedom, loss of property, emotional harm, and incurred legal expenses.

## COUNT I -- 42 U.S.C. § 1983
## False Arrest/Unlawful Detention

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

38. The actions of the Defendant Officers in falsely seizing, searching, detaining, and arresting Plaintiff without a warrant or probable cause violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

39. As a proximate result of the aforementioned actions by Defendant Officers, Plaintiff suffered loss of freedom, loss of property, emotional harm, and incurred legal expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages, punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just against Defendants Polson, Dolezil and Duignan, because each acted maliciously, wantonly, and oppressively.

## COUNT II -- 42 U.S.C. § 1983
### Unreasonable/Illegal Search & Seizure

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

41. The actions of the Defendant Officers in seizing Plaintiff and seizing his property violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

42. As a proximate result of the aforementioned actions by Defendant Officers, Plaintiff suffered loss of freedom, loss of property, emotional harm, and incurred legal expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages, punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just against Defendants Polson, Dolezil and Duignan, because each acted maliciously, wantonly, and oppressively.

## COUNT III -- 42 U.S.C. § 1983
### Failure to Intervene

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

44. The action, or inaction, of Defendant Officers in failing to intervene to protect Plaintiff from false arrest and unreasonable search and seizure, despite the duty and reasonable opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

45. As a proximate result of the aforementioned actions by Defendant Officers, Plaintiff suffered loss of freedom, loss of property, emotional harm, and incurred legal expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages, punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just against Defendants Polson, Dolezil and Duignan, because each acted maliciously, wantonly, and oppressively.

## COUNT IV – State Law Claim
## Malicious Prosecution (*Respondeat Superior*)

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

47. Defendant Officers maliciously caused Plaintiff to be improperly subjected to a judicial proceeding for which there was no probable cause.

48. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all proceedings were terminated in a manner consistent with Plaintiff's innocence.

49. As a result of all the aforementioned actions by Defendant Officers, Plaintiff suffered loss of freedom and liberty, loss of property, emotional harm, pecuniary injury, and legal expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages, punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just against Defendants Polson, Dolezil and Duignan, because each acted maliciously, wantonly, and oppressively.

## COUNT V – Indemnification

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

51. Defendant City of Chicago is the indemnifying entity for the actions, described above, of the Defendant Officers.

7

WHEREFORE, pursuant to 745 ILCS 10/9-102, should Defendant City of Chicago and/or any of the Defendant Officers be found liable on one or more of the claims set forth herein, Plaintiff demands that Defendant City of Chicago be found liable for any judgment – other than punitive damages – he obtains thereon.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims.

                                            Respectfully submitted,

                                            *s/Daniel P. Kiss*
                                            An Attorney for Plaintiff
                                            Attorney No. 6256211

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 West Jackson Blvd., Suite 1735
Chicago, Illinois 60604
(312)765-0100
(312)585-7803
e.louismeyer@meyerkiss.com
e.dankiss@meyerkiss.com